UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00121-RJC-DCK

| ALLIED PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) <u>Order</u> |
|  | ) |
| C.S., DIANNA L. RHODES, NATHAN KEZIAH | ) |
| DIANNA LYNN MCMURRAY WILSON, S.W., | ) |
| R.S., and N.V., | ) |
|  | ) |
| Defendants. | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Judgment on the Pleadings (the "Motion") (Doc. No. 17). The Court has reviewed all associated filings to the Motion and it is now ripe for consideration. For the reasons stated herein, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff issued an automobile liability insurance policy to Defendant Dianna L. Rhodes ("Rhodes") providing coverage on her automobile (the "Policy"), a 2011 Kia Soul (the "Vehicle"). (Doc. No. 1 ¶ 27; Doc. No. 6 ¶ 27). Rhodes resides in Ohio, but at some point, she allowed her daughter Defendant Dianna Lynn McMurray Wilson ("Wilson"), who resides in North Carolina, to drive the Vehicle to North Carolina for personal use. (Doc. No. 1 ¶ 25). Rhodes did not give C.S., her grandson, who also resides in North Carolina, permission to operate the Vehicle. (*Id.* ¶ 26).

On January 18, 2021, C.S. was operating the Vehicle on a highway in North Carolina unlawfully without a driver's license and was involved in a motor vehicle accident when he struck

Nathan Keziah's ("Keziah") vehicle (the "Accident"). (*Id.* ¶¶ 19-24; Doc. No. 6 ¶¶ 19-24). Defendants S.W., R.S., and N.V. were passengers in the Vehicle. (Doc. No. 1 ¶ 28; Doc. No. 6 ¶ 28). Keziah, S.W., R.S., and N.V. sustained injuries as a result of the Accident (the "Injured Parties") and have asserted claims against C.S., Rhodes, and Wilson. (Doc. No. 1 ¶¶ 29-30; Doc. No. 6 ¶ 29). Thereafter, Plaintiff filed this action on March 24, 2021, seeking a declaratory judgment that (1) there is no liability coverage under the Policy for any claims arising out of the Accident; and (2) there is no liability coverage under the North Carolina Motor Vehicle Safety and Financial Responsibility Act for any claims arising out of the Accident. (Doc. No. 1 ¶¶ 40-58).

On May 7, 2021, Keziah filed an Answer to Plaintiff's Complaint. (Doc. No. 6). Keziah also brought a counterclaim requesting a declaratory judgment that Plaintiff is required to provide full coverage under the Policy, or at a minimum, the amount required under the North Carolina Motor Vehicle Safety and Financial Responsibility Act. (Doc. No. 6 at 5). None of the remaining Defendants filed an answer or other responsive pleading. As a result, on May 19, 2021, the Clerk of Court entered a default against the non-answering Defendants (referred to herein as "Defendants"). (Doc. No. 16). Thereafter, Plaintiff and Keziah entered a stipulation of dismissal, dismissing Plaintiff's claims against Keziah only and dismissing Keziah's counterclaim against Plaintiff. (Doc. No. 22).

Plaintiff now seeks judgment on the pleadings as to the remaining, non-answering Defendants. (Doc. No. 18). The Defendants did not respond to the Motion and the time for doing so has expired.

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss brought under Rule 12(b)(6). *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). In examining a motion for judgment on the pleadings, a court must accept all well-pleaded factual allegations as true and should view the complaint in a light most favorable to the non-movant, drawing reasonable inferences in its favor. *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Civ. P. 10(c) ("[A]n exhibit to a pleading is part of the pleading for all purposes."). Judgment on the pleadings may be granted when the undisputed facts show that the moving party is entitled to judgment as a matter of law. *Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004).

Pursuant to the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration" upon the filing of an appropriate pleading. 28 U.S.C. § 2201(a). "[A] motion for judgment on the pleadings can be used to obtain a declaratory judgment where the only dispute is the proper interpretation of contractual terms." *Saul Holdings Ltd. P'ship v. SeraCare Life Scienes, Inc.*, No. TDC-14-1444, 2014 WL 6791457 at *2 (D. Md. Nov. 25, 2014) (citing *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 598 (7th Cir. 2004)).

## III. DISCUSSION

First, Plaintiff seeks a declaratory judgment that there is no liability coverage under the Policy for any claims arising out of the Accident. The Policy provides that Plaintiff will pay damages for bodily injury or property damage "for which any 'insured' becomes legally responsible because of an auto accident." (Doc. No. 1-1 at 12). "Insured" is defined to include any person using the Vehicle covered under the Policy. (*Id.* at 13). However, the Policy contains certain exclusions from coverage for insureds. Relevant here, the Policy provides that it does not "provide Liability Coverage for any 'insured': . . . 8. Using a vehicle: a. Without a reasonable belief of being entitled to do so." (*Id.* at 14). "An 'insured' shall not be held to have a reasonable belief of being entitled to operate a motor vehicle if that person's license has been suspended, revoked, or never issued." (*Id.*).

Additionally, Plaintiff seeks a declaratory judgment that there is no liability coverage under the North Carolina Motor Vehicle Safety and Financial Responsibility Act for any claims arising out of the Accident. Pursuant to N.C. Gen. Stat. § 20-279.21(b)(2), a liability insurance policy shall insure any person using the insured motor vehicle "with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the . . . use of such motor vehicle." The statute requires coverage up to certain statutory limits per accident, including $30,000 for bodily injury or death per person, $60,000 for bodily injury or death per accident, and $25,000 for property damage. *Id.* The rights under this provision "are statutory and become absolute upon the occurrence of injury or damage inflicted by the named insured, by one driving with his permission, or by one driving while in lawful possession of the named insured's car, regardless of whether or not the nature or circumstances of the injury are covered by the contractual terms of the policy." *Nationwide Mutual*

*Ins. Co. v. Chantos*, 238 S.E.2d 597, 604 (N.C. 1977). When a person is operating the vehicle without express or implied permission or other lawful possession then the statute does not require coverage. *See Newell v. Nationwide Mutual Ins. Co.*, 432 S.E.2d 284, 287 (1993) ("[Plaintiff has conceded the provisions of N.C.G.S. § 20-279.21(b)(2) of the Financial Responsibility Act do not afford mandatory minimum coverage . . . Plaintiff makes no argument that [the driver of the vehicle] was operating his father's vehicle with his father's permission or that he was in lawful possession of the vehicle at the time of the accident.").

Here, based on the pleadings, C.S. was an "insured" under the Policy when he was operating the Vehicle during the Accident. However, C.S. operated the Vehicle without a driver's license or other permit allowing him to legally operate the Vehicle. Moreover, Rhodes did not provide C.S. with permission to operate the vehicle. Thus, C.S. was operating the Vehicle without a reasonable belief of being entitled to do so. Under the plain language of the Policy, liability coverage for C.S., an insured operating the Vehicle without a reasonable belief he was entitled to do so, is excluded.[1] Furthermore, coverage is not mandatory under the North Carolina Motor Vehicle Safety and Financial Responsibility Act because Defendants admitted C.S. was not operating the vehicle with permission and operated the vehicle unlawfully without a driver's license. Accordingly, Plaintiff has no obligation to provide liability coverage under the Policy or under the North Carolina Motor Vehicle Safety and Financial Responsibility Act for any claims by Defendants arising out of the Accident.

---

[1] Under the Policy, this exclusion does not apply to, among others, a "family member" of the named insured. (Doc. No. 1-1 at 14-15). However, "family member" is defined as a person related to the named insured by blood, marriage, or adoption and who is a resident in the named insured's household. (Doc. No. 1-1- at 10). Here, Rhodes, the named insured, resides in Ohio, and C.S., the driver of the Vehicle at the time of the Accident, resides in North Carolina. Thus, the coverage exclusion applies.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** Defendant's Motion for Judgment on the Pleadings (Doc. No. 17) is **GRANTED**. Plaintiff has no obligation to provide liability coverage under the Policy or under the North Carolina Motor Vehicle Safety and Financial Responsibility Act for any claims by the Defendants arising out of the Accident.

Signed: January 31, 2022

Robert J. Conrad, Jr.
United States District Judge